FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2013 MAY 21  PM 3: 25

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

_REV. BRANDON BAKER,
Plaintiff/Petitioner,

**'13 - CV - 01334**

v.                                             Case #_____

_THE STATE OF COLORADO,
COLORADO ATTORNEY GENERAL
Defendant(s).

## PLAINTIFF'S PETITION FOR RULE 57 DECLARATORY JUDGMENT & RULE 65 INJUNCTION
## AGAINST UNCONSTITUTIONAL STATE STATUTE/AMENDMENTS

The Plaintiff, pro se, Rev. Brandon Baker, petitions this court, for declaratory relief and an injunction against **HBs-13- 1114; 1325 as well as their changes to CRS §§ 42-4-1301, 18-3-106, 18-3-205** and current **CRS §§ 42-4-1301(6)(d-h); 42-4-1301.1(2)(a)(I) and (2)(b)(I) and 42-4-1705(1)(c)** (para. 23 below) regarding Cannabis, pursuant to Rule 57 & 65 of Federal and Colorado's Local Rules of Civil Procedure, further for grounds of this petition states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Reverend Brandon Baker (a legal medical and sacramental cannabis user under state and federal laws cited herein), was and still is; a resident of Colo. who resides in Nunn CO 80648 and runs greenfaith Ministry NAC (a state as well as federal registered, recognized and licensed church and charity using cannabis in its healings, educational and Native and Rastafarian religious practices).

1

2. Defendant State of Colorado is the governing entity of the People of Colo. created by and acting pursuant to, and limited by, the Const. of Colo. As well as the U.S. Const. Governor John Hickenlooper heads this position and they are held to a higher standard and are to seek and protect the rights, justice and will of the voting citizens of the state. He resides at 136 State Capitol, Den. CO 80203 and is challenged in his official and individual capacity.

3. Defendant Attorney General of Colorado is Colorado State's legal representation, a state agency headed by John Suthers who is a resident of Colo. and is challenged in his official and individual capacity as Attorney General; he works at the Attorney General, 1300 Broadway, 10th Floor, Denver, CO 80203. They are held to the highest standard and are to seek and protect the justice, rights and will of the voting citizens of the state **and** protect the state and citizens legally. (The CO AG is the only person in the state with the power and duty to declare legislation unconstitutional and unlawful before the Governor signs into law, they have been put on notice numerous times).

4. Jurisdiction arises in this Court pursuant to 28 USC §§ 2201; 2281 (which requires a three-judge court where an injunction is sought to restrain the operation of a state statute); 2283; 1331 and 1367. (Declaratory Judgment, Injunctions; Alleged unconstitutionality of State statutes). Venue is correct pursuant to 28 USC § 1391.

## FACTS, BACKGROUND & ANALYSIS

5. There is no way to differentiate between recreational, medical and religious use in cannabis nor whether you are impaired by the metabolites in your piss or blood; which are only

residuals. The thc/ng levels in CO are absurd as 150ng is the threshold limit for the World Anti-Doping Agency (who regulates all major sports) due to the failed science with impairment regarding cannabis and the infringement on professionals.

6. The residual/ metabolizing nature of cannabinoids to the body make the ability to determine whether they are impaired or anything related to testing unscientific and un reliable as many patients, users, patrons… consume huge amounts of cannabis with treatments, at ceremonies and prayers, yet days later when there are no imparities they have residual amounts of cannabinoids in the 100s of ngms depending on their weight, health, metabolisms…..

7. **Actual impairment is strictly subjective with the cannabis consumed** [i.e. <u>no set standards and levels regarding product and thc content like alcohol</u>] **and the individual consuming** [i.e. <u>amount used, tolerance, weight and about 20 other uncontrollable variable just like the thc levels and contents with the cannabis</u>]) **with no objective standards or regulations available. Furthermore, theses statutes are unlawful as** there is no proper warrant requirement per the US Supreme Crt Decision in *Mcneely*; they violate the confrontation clause per *Bullcomings;* AND there is no religious exemption/exception pursuant to the *Smith* decisions cited below.

8. **There must be sound science for the testing and results, real probable cause with a valid warrant with proper procedure plus the draw must be done by trained medical personnel, with the ability to confront the professionals and accusers; to have valid, proper and legal blood draws *which THEN only proves use.***

9. Colorado already has unlawful Drugged driving policy and statutes regarding cannabis in effect before HBs 13-1114; 1325 were passed. **HBs 13-114; 1325 change the current DUI laws** but only implements further unconstitutional, illegal and improper sections under the 1st , 4th , 6th and 14th/5th Amendments, the Controlled Substance Act [C.S.A.] and the Rules of Evidence.

10. These DUI statutes, pertaining to cannabis, deprive the medical, spiritual & heavy users due process and other constitutional protections then the missing procedural and warrant requirements for the blood draw, its evidence and its results improper, illegal and unconstitutional as they are missing needed substantive/procedural requirements **and they violate the confrontation clause.** *See Bullcoming v. N.M,* 564US __ *(2011) See Also King's Mill Homeowners Ass'n v. City of Westminster,* 192 Colo. 305, 557 P.2d 1186 (1976); *Ford Leasing Dev. Co. v. Bd. of County Comm'rs,* 186 Colo. 418, 528 P.2d 237 (1974).

11. **It is apparent that irreparable harm will occur if the State is allowed to continue its actions regarding the changes to the DUI statutes here in Colorado via HBs 13-1114; 1325 as well as current CRS §§42-4-1301(6)(d-h); 42-4-1301.1(2)(a)(I) and (2)(b)(I) and 42-4-1705(1)(c) regarding Cannabis** (i.e. 4th , 6th and 14th/5th Amend. violations and all else alleged herein); should the injunction not be issued when looking to the recent US Supreme Court Decision in *Missouri v. Mcneely,* No. 11-1425, Decided April 17th 2013.

12. Furthermore there is no religious exemption putting all bona fide patrons of the bona fide Native American and Rastafarian sacrament churches, like greenfaith Ministry NAC (which

is licensed and register with the state and federal governments here in Colorado) at further risk of 1st Amend violations on top of 4th, 6th and 14th/5th Amend. violations.

13. greenfaith is a legal and legitimate non-denominational church and charity here in Colorado since 2007 for medical marijuana patients. All patrons use cannabis legally under the 1st Amendment to the US Constitution, Colorado Constitution's Amendments 20 & 64, the state/federal C.S.A.s and the congruent federal regulations under 21 USC 801 et seq, most specifically those relevant to the following:

**21 USC §802**
(2) The term "administer" refers to the direct application of a controlled substance to the body of a patient or research subject by—
  (A) a practitioner (or, in his presence, by his authorized agent), or
  (B) the patient or research subject at the direction and in the presence of the practitioner, whether such application be by injection, inhalation, ingestion, or any other means.
(3) The term "agent" means an authorized person who acts on behalf of or at the direction of a manufacturer, distributor, or dispenser; except that such term does not include a common or contract carrier, public warehouseman, or employee of the carrier or warehouseman, when acting in the usual and lawful course of the carrier's or warehouseman's business....
(10) The term "dispense" means to deliver a controlled substance to an **ultimate user** or research subject by, or pursuant to the lawful order of, a practitioner, including the prescribing and administering of a controlled substance and the packaging, labeling or compounding necessary to prepare the substance for such delivery. The term "dispenser" means a practitioner who so delivers a controlled substance to an ultimate user or research subject....
*(27) The term **ultimate user** means a person who has lawfully obtained, and who possesses, a controlled substance for his own use or for the use of a member of his household or for an animal owned by him or by a member of his household.

14. **Not having a religious exemption is further improper, illegal and unconstitutional under the first amendment pursuant to the Supreme Court's decision in** *Oregon v. Smith*, 494 U.S. 872(1990) [and all earlier decisions related]. Dissecting the whole history we see on April 27, 1988, the United States Supreme Court handed down its first decision in the

5

case of *Oregon v. Smith*. Justice John Paul Stevens wrote "the legality of peyote [currently i.e. cannabis] was indeed an issue in deciding whether the Employment Division had violated the free exercise clause. **Stevens stated that the situations in each case were not equal, and the conclusion of the court may have been reversed if the acts that were contested were criminal.**" The conclusion of the majority was that the decision of the Oregon Supreme Court was to be vacated, and the case was to be sent back to the lower court, with orders to determine the legality of the religious use of peyote [cannabis].

15. Later the Oregon Supreme Court's per curiam decision rejected the United States Supreme Court's question of the legality of peyote [cannabis] use as **a religious sacrament, declaring that the case under evaluation was not a criminal case [Colorado DUIs are]**. The court did conclude that the statute that did not make any exemption to the religious use of peyote [cannabis], and that "'...outright prohibition of good faith religious use of peyote [cannabis] by adult members of the Native American Church <u>would violate the First Amendment directly and as interpreted by Congress.</u>(Court Brief p. 152)'"

16. In the current case Colorado and greenfaith Ministry NAC, have legal standing and laws at both the state and federal levels allowing legal use of cannabis for any adults in CO (<u>i.e. Amendment 20 and 64 in Colorado as well as the CSA and the 1st Amendment to the US Constitution</u>), the contested statutes/bills in which we are requesting an injunction and such are criminal statutes here in Colorado, making the *Smith* decisions **a viable reason with standing here in Colorado for an injunction religiously via the 1st Amendment, not just alone for violating the 4th, 14th/5th Amendments.**

17. Then oral arguments for the case were re-heard on November 6, 1989, and the court handed down its final decision in the case of <u>Oregon v. Smith</u> on April17, 1990. In the majority opinion, penned by Justice Antonin Scalia, declared that, while the free exercise clause of the First Amendment did protect religious beliefs, it did not protect all types of religious conduct. **Never before had the Constitution, according to Scalia, excused a citizen's illegal behavior due to religious beliefs** [these behaviors (legal use of cannabis) are not illegal under the laws cited herein while in Colorado]. *In Colorado the use, possession and cultivation of cannabis for personal use of any kind is legal for anyone 21 years old or older or with a practitioner's recommendation and state license; as an ultimate user or any age under a Dr.'s care.*

18. In the United States Congress, the Religious Freedom Restoration Act (RFRA) was introduced to the House of Representatives on June 26, 1991; one day after Governor Barbara Roberts of Oregon signed into law a bill allowing people convicted for peyote [cannabis] possession and use under Oregon's drug statutes to use a defense of religious exemption. The RFRA was supported by a number of groups from both sides of the American political spectrum, and took three attempts before it passed through the House to the Senate. The bill was, in essence, a legislative order to the Court to apply the <u>Sherbert</u> standard to all free exercise cases, " (Bill p. 209)

19. Other legislation, passed in 1994, amended the 1978 American Indian Religious Freedom Act (AIRFA) to specifically protect the religious use of peyote [cannabis also in Colorado]. Along with the amendment to the AIRFA, **the Religious Liberty Protection Act (RLPA),**

7

which was passed *in 1999,* stated the government could not "...**substantially burden a person's religious exercise, even as the result of a neutral, general applicability law, unless it demonstrates that the law furthers a compelling government interest** [there is no compelling interest in Colorado due to the legality of cannabis and the current constitutional drugged driving laws*].* *Section two of the bill applied to situations where the burden is a result of 'a program or activity operated by the government that receives Federal financial assistance' ***and where the burden 'affects interstate commerce.' Section three provided additional protection for religious exercise...*** " [CLEARLY PRESENT IN COLORADO AS IT IS RELATED TO ALL DRIVING INTERSTATE OR INTRASTATE] (Bill p. 264)

20. There is **no valid, proper or constitutional: warrant requirements for arrest or blood draws; blood drawing procedure; no religious exemptions related as well;** all illegal and improper under the 1st, 4th and $14^{th}/5^{th}$ Amendments, CSA and the Rules of Evidence 901; they ALSO violate the confrontation clause in the 6th Amendment (The procedures and such related give no ability to confront the officer before ordering the draw, the drawer nor the tester after the draw).

21. There is no availability of any other adequate remedy of law and the alleged threatened harm to the petitioner, society, anyone similarly situated, the state and the communities are way greater than that of any alleged substantial harm which might occur to the state and the people if they do not amend the DUI laws **per HBs-13- 1114; 1325 and leave current CRS §§42-4-1301(6)(d-h); 42-4-1301.1(2)(a)(I) and (2)(b)(I) plus 42-4-1705(1)(c) in place as far as they pertain to cannabis** (i.e. 13 years of legal mmj use with no increase problems or

issues in CO with cannabis and driving and are only segregating out a class or group of people and have no viable standing [legally or scientifically] as for the public with concern for safety and society). Thereby they are improper, illegal and unconstitutional; An injunction will not violate a public interest or any safety.

22. The State has no authority to promulgate rules that add, modify or conflict with constitutional provisions. *Sanger*, 148 P.3d at 408. Any state action that is contrary to a constitutional right, in excess of statutory authority, an abuse of discretion or otherwise contrary to law shall be held unlawful and set aside. C.R.S. § 24-4-106. Constitutional questions and challenges to the overall validity of a statute or ordinance are reviewed under C.R.C.P. 57. *See Denver Ctr. for Performing Arts v. Briggs,* 696 P.2d 299, 305 (Colo.1985); *Norby v. City of Boulder, supra. See also,* C.R.C.P. 57(j)].

23. **Repealing CRS § 42-4-1301(1)(c)** removes safe guards in place for medical/religious cannabis users and has no legal or scientific standing or reasoning; **Adding CRS § 42-4-1301(6)(a)(IV) [and subsequent 18-3-106(2)(d); 18-3-205(2)(d)]**, **42-4-13016(j) and 6(k)** are invalid, illegal and unconstitutional for the reasons cited herein and have no legal or scientific standing or reasoning nor warrant requirement or blood draw procedure like original **6(e)** (also there is no backing or notice judicially); **Furthermore, the Bills, the Amendments to and ALL of current CRS §§ 42-4-1301(6)(e)** *[as well as (6)(d), (f), (g) and (h)]*; **42-4-1301.1(2)(a)(I) and (2)(b)(I) plus 42-4-1705(1)(c)** are illegal, unlawful and unconstitutional (pursuant to the 1st, 4th, 6th and 14th/5th Amendments) for the reasons cited herein.

9

24. Thereby all this is improper, unconstitutional and unlawful against all cannabis users but most specifically medical and religious users as they have very high levels (a week or months after use), but no impairment (just hrs after use) pursuant to CRS §42-4-1301(2)(b) and with our evidence and experts.

Wherefore, the petitioner/plaintiff humbly asks this court to declare the current **CRS §§ 42-4-1301(6)(d-h); 42-4-1301.1(2)(a)(I) and (2)(b)(I) and 42-4-1705(1)(c)** and HBs 13-1114; 1325's DUI changes unlawful, invalid and unconstitutional AND grant a permanent injunction against them THEN order the defendants/respondents to pay all cost and fees associated to the petitioner/plaintiff as they were put on notice multiple times by him beforehand but did nothing thus proximately causing this action..

DATED this 21st day of May, 2013.

By: *Rev Brandon Baker*
Rev Brandon Baker
Pro Se Plaintiff
623 Lincoln Ave
Nunn CO 80648
307-221-2180

**CERTIFICATE OF SERVICE**

This *document* was served and or filed on all parties by hand, electronic means or mail to the following parties on this 21st day of May, 2013:

Office of the Attorney General
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

By: *Rev Brandon Baker*
Rev Brandon Baker
623 Lincoln Ave
Nunn CO 80648
307-221-2180