IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01334-BNB

REV. BRANDON BAKER,

    Plaintiff,

v.

THE STATE OF COLORADO, and
COLORADO ATTORNEY GENERAL,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED PLEADING

    Plaintiff, Rev. Brandon Baker, initiated this action by filing *pro se* Plaintiff's Petition for Rule 57 Declaratory Judgment & Rule 65 Injunction Against Unconstitutional State Statute/Amendments" (ECF No. 1). On June 7, 2013, Mr. Baker filed Plaintiff's Corrected Petition for Rule 57 Declaratory Judgment & Rule 65 Injunction Against Unconstitutional State Statute/Amendments" (ECF No. 5). The court must construe the amended petition liberally because Mr. Baker is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baker will be ordered to file an a second amended pleading if he wishes to pursue his claims in this action.

    The court has reviewed the amended petition and finds that it is deficient because the amended petition does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give

the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Baker fails to provide a short and plain statement of his claims showing that he is entitled to relief.  It is apparent that Mr. Baker contends recently enacted legislation in the State of Colorado regarding the legal limit for impaired driving with respect to marijuana usage is too low and violates the constitutional rights of marijuana users.  In particular, Mr. Baker contends that the challenged statutory amendments are unconstitutional both on their face and as applied and violate his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  However, Mr. Baker does not set forth in the amended petition a clear and concise statement of each of the constitutional claims he is asserting or the factual allegations

that support each asserted claim.  Instead, the amended petition consists largely of legal argument that is neither necessary nor appropriate in a pleading.  As a result, the specific constitutional claims for relief Mr. Baker is asserting are not clear.

For these reasons, Mr. Baker will be ordered to file a second amended pleading if he wishes to pursue his claims in this action.  Mr. Baker must clarify the specific claims he is asserting and the specific facts that support each asserted claim.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Furthermore, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Baker file, **within thirty (30) days from the date of this order**, a second amended pleading that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Baker shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Baker fails within the time allowed to file a second amended pleading that complies with this order as directed, the action will be dismissed without further notice.

DATED June 12, 2013, at Denver, Colorado.

                                                   BY THE COURT:

                                                   s/ Boyd N. Boland
                                                   United States Magistrate Judge