IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01334-PAB-KLM

BRANDON BAKER, Rev.,

    Plaintiff,

v.

THE STATE OF COLORADO and
COLORADO ATTORNEY GENERAL,

    Defendants.
_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 22] filed on February 7, 2014. The magistrate judge recommends that the Court grant Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Docket No. 14] filed by defendants the State of Colorado and Colorado Attorney General and dismiss without prejudice the amended complaint [Docket No. 8] filed by plaintiff Reverend Brandon Baker. On February 12, 2014, plaintiff filed timely objections [Docket No. 23] to the Recommendation. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

    This case arises out of plaintiff's constitutional challenge to Colorado House Bill 13-1325, which was passed on May 28, 2013. 2013 Colo. Legis. Serv. Ch. 331 (H.B.

13-1325) (West).  Plaintiff also challenges Colo. Rev. Stat. §§ 18-3-106 and 18-3-205.  The relevant factual background is set forth in detail in the Recommendation and will not be recited here.

## I.  ANALYSIS

The magistrate judge recommends that this case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff does not allege "an invasion of a legally protected interest that is (a) concrete and particularized; and (b) actual or imminent" as required to establish Article III standing.  Docket No. 22 at 10 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Plaintiff does not object to the recommended dismissal of his claims under the First, Fifth, Sixth, and Fourteenth Amendments.  Docket No. 23 at 5, ¶ 11.  He does object to the recommended dismissal of his claim that the challenged statutes violate the Fourth Amendment insofar as they permit police to draw blood without consent and without a warrant in the course of investigating a traffic stop for driving under the influence of marijuana.  *Id*. at 5-8, ¶¶ 12-19; *see* Colo. Rev. Stat. § 42-4-1301.1(2)(b)(I) ("[a]ny person who drives any motor vehicle . . . throughout this state shall be required to submit to and to complete . . . a test or tests of such person's blood, saliva, and urine for the purpose of determining the drug content within the person's system when so requested and directed by a law enforcement officer having probable cause to believe that the person was driving a motor vehicle in violation of the prohibitions against [Driving Under the Influence] or [Driving While Ability Impaired] and when it is reasonable to require such testing of blood, saliva, and urine to determine whether such

person was under the influence of, or impaired by, one or more drugs"). Plaintiff reads Colo. Rev. Stat. § 42-4-1301.1(2)(b)(I) as a blanket authorization to draw blood without a warrant, solely on the basis that an individual is suspected of driving under the influence of marijuana, and argues that such an authorization is not justified under the Fourth Amendment, particularly in light of the Court's holding in *Missouri v. McNeely*, --- U.S. ----, 133 S. Ct. 1552, 1563 (2013) ("Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances.").

Plaintiff states that he has standing because "[a]n individual has a direct interest in objecting to laws that upset the constitutional balance between the National Government and the States when the enforcement of those laws causes injury." Docket No. 23 at 9-10, ¶ 25. With respect to the injury-in-fact requirement, plaintiff contends that "every involuntary draw of blood in routine DUI stop/investigation related to cannabis is proof" and that he "can easily demonstrate to the court via direct evidence and expert witnesses that a 5ng limit for impairment as well as the involuntary blood draw violates the compelling interest and the 4th amendment." *Id*. at 10, ¶ 26. These arguments are unavailing.

"Standing to sue may not be predicated upon an interest . . . which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share." *Chrisman v. C.I.R.*, 82 F.3d 371, 373 (10th Cir. 1996) (internal citation omitted). "[E]ven when a plaintiff is sincere and motivated to pursue a case, the court cannot exercise jurisdiction for generalized grievances, but must face a tangible, personal, threatened interest." *Id*.

The interest that plaintiff seeks to vindicate–submitting the challenged statutes to judicial scrutiny based on their alleged violation of the Fourth Amendment–is one "held in common by all members of the public." *See id*. Plaintiff does not allege a "tangible, personal, threatened interest." *Id*. Although he suggests that his religious beliefs and practices expose him to a heightened risk of prosecution, *see* Docket No. 8 at 6, ¶ 19 ("We cant [sic] overlook there is no religious exemption putting all bona fide patrons of the bona fide Native American and Rastafarian sacrament churches, like greenfaith Ministry NAC . . . at further risk of 1st Amend violations on top of 4th 6th and 14th/5th Amend. violations."), he does not allege "facts explaining how the marijuana DUI statute infringes on his ability to use cannabis for personal use or during his church's religious practices" or allege "facts indicating that his religion specifically necessitates marijuana use resulting in five ngs or more of Delta 9-[Tetrahydrocannabinol] in his bloodstream while driving a car." *See* Docket No. 22 at 8.

Thus, plaintiff's complaint does not establish that he has standing to maintain his Fourth Amendment claim. Absent standing, the Court lacks subject matter jurisdiction to consider the substance of plaintiff's claim. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

## II. CONCLUSION

Plaintiff's remaining objections are not sufficiently specific to "enable[ ] the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). In the absence of a proper objection, the

district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the parts of the Recommendation to which no one has properly objected to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that these parts of the Recommendation correctly apply the facts and the law.  Wherefore, it is

**ORDERED** that Recommendation of United States Magistrate Judge [Docket No. 22] is ADOPTED.  It is further

**ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) [Docket No. 14] filed by defendants the State of Colorado and Colorado Attorney General is GRANTED in part.  Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

DATED February 18, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).